UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DIVISION

| | |
|---|---|
| **I THRIVE DRIP HOLDINGS, LLC** § | |
| **THRIVE FRANCHISE, LLC,** § | |
| *Plaintiffs* § | |
| § | No. 1:22-CV-00872-RP |
| **v.** § | |
| § | |
| **THRIVE HYDRATION, LLC,** § | |
| **MIZENY ROMO** § | |
| *Defendants* § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court is Defendants ThrIVe Hydration, LLC and Mizeny Romo's ("Defendants") Motion to Dismiss for lack of personal jurisdiction and improper venue pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(3), and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation recommending that the District Court deny Defendants' motion.

## I.   BACKGROUND

This is a trademark case arising out of Defendants' alleged infringement of Plaintiffs I Thrive Drip Holdings and ThriVEe Franchise's ("Plaintiffs") name, registered mark, and stylized mark. Dkt. 1, at 4. Plaintiffs are limited liability companies formed under the laws of Texas with their principal places of business in Texas. *Id.* at 1. Defendant ThrIVe Hydration is a limited liability company formed

1

under the laws of Texas with its principal place of business in Boerne, Texas. *Id.* Defendant Romo is a resident of Texas. *Id.* Plaintiffs own and operate wellness spas that provide intravenous drip therapy under the trademark "ThrIVe Drip Spas." *Id.* at 3. Defendant I Thrive Drip Holdings states that it began using the name "ThrIVe Drip Spa" in 2015. *Id.* Currently, I Thrive Drip Holdings operates four "ThrIVe Drip Spas" in Houston, Texas and McAllen, Texas, through its licensees. *Id.*

I Thrive Drip Holdings registered "THRIVE DRIP SPA" with the United States Patent and Trademark Office ("USPTO") for use in connection with its spas in 2016. Dkt. 1-2, at 2. In 2021, I Thrive Drip Holdings filed a Declaration of Use and Incontestability which was accepted by the USPTO. Dkt. 1, at 3. I Thrive Drip Holdings states that it also has common law trademark rights in the stylized version of its registered mark, "ThrIVe Drip Spa" which it started using in connection with its spas in 2016. *Id.* at 4.

I Thrive Drip Holdings alleges that Defendant ThrIVe Hydration "prominently employ[s] and continues to employ the word 'thrive' in its name including the stylized 'IV' portion of I Thrive Drip Holdings' registered and stylized mark, 'ThrIVe Drip Spa.'" *Id.* I Thrive Drip Holdings states that ThrIVe Hydration's confusingly similar name, service marks, and logo infringe on its own name, Registered Mark, and Stylized Mark. *Id.* at 5. ThrIVe Hydration's use of the allegedly infringing marks to "promote and sell the same services [as I Thrive Drip Holdings] to the same class of customers … amplifies the likelihood of confusion and harm caused to [I Thrive

2

Holdings]." *Id.* ThrIVe Hydration also provides intravenous drip therapy at locations in San Antonio, El Paso, New Braunfels, Boerne, and Austin, Texas. *Id.*

In 2019 and 2021, ThrIVe Hydration attempted to file an application with the USPTO for its logo, which includes a stylized "IV," however, these applications were denied for "likelihood of confusion" with I Thrive Drip Holdings' Registered Mark. *See* Dkts. 1-3; 1-4; 1-5; 1-6. Between 2021 and 2022, I Thrive Drip Holdings sent ThrIVe Hydration three cease and desist letters; ThrIVe Hydration responded that it planned to modify its logo, but has thus far, "failed to make any significant changes after the three demand letters." *Id.* at 8; *see also* Dkts. 1-8; 1-9; 1-10; 1-11.

I Thrive Drip Holdings brings 4 causes of action against ThrIVe Hydration for: trademark infringement under 15 U.S.C. § 1114; false designation of origin under 15 U.S.C. § 1125(a); injury to business reputation and dilution under the Texas Business and Commerce Code; and unfair competition under Texas common law. Dkt. 1, at 8-12. ThIVe Hydration moves to dismiss I Thrive Drip Holdings' claims under Fed. R. Civ. P. 12(b)(3) and Fed. R. Civ. P. 12(b)(2) arguing that under 28 U.S.C. 1391(b), venue is improper in this District. Dkt. 10, at 2.[1] ThrIVe Hydration argues that Defendant Romo is not a resident of the Austin Division of the District of Texas, Defendant ThrIVe Hydration's principal place of business is in Boerne in Kendall

---

[1] While the conclusion of ThrIVe Hydration's motion states, "Plaintiffs have failed to establish [that] personal jurisdiction or venue is appropriate in the Austin division forum," ThrIVe Hydration makes no substantive arguments concerning this Court's lack of personal jurisdiction over Defendants. Furthermore, the undersigned finds that this Court has personal jurisdiction over Defendants. *See* discussion *supra* Part III.

County, Texas, and none of Defendants' actions, nor a substantial part of the events giving rise to I Thrive Drip Holdings claims, occurred in Austin.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." Fed. R. Civ. P. 12(b)(3). Once a defendant raises the issue of proper venue by motion, the burden of proof is placed upon the plaintiff to sustain venue. *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 719 (W.D. Tex. 2013). "Plaintiff may carry this burden by establishing facts that, if taken to be true, establish proper venue." *Id.* (citations omitted). Where there is no evidentiary hearing, a plaintiff may carry her burden by presenting facts that, taken as true, would establish venue, and the court must resolve any factual conflicts in favor of the plaintiff. *Braspetro Oil Servs., Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). In determining whether venue is proper, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs.*, 240 F. App'x at 615. However, courts may consider evidence in the record beyond the facts alleged in the complaint and its attachments, including affidavits or evidence submitted by the parties as part of the venue motion. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008). When it is determined a case is filed in a division or district of improper venue, the district court may either dismiss the case or transfer it to any district or division of proper venue. *See* 28 U.S.C. § 1406(a).

### III. DISCUSSION

Under 28 U.S.C. § 1391 venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Further, § 1391(c) provides that a corporate defendant, such as ThrIVe Hydration, is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c).

In this case, Plaintiffs I Thrive Drip Holdings and ThrIVe Franchise filed their case in the Austin Division of the U.S. Court for the Western District of Texas. *See* Dkt. 1. Their complaint states, and Defendants agree, that Defendant ThrIVe Hydration is a limited liability company incorporated in the state of Texas and with its principal place of business in Boerne, Texas. Dkt. 1, at 2. Therefore, ThrIVe Hydration is subject to personal jurisdiction in the Western District of Texas, where Boerne is located, and ThrIVe Hydration is a resident of the Western District of Texas for the purposes of venue. *See BNSF Ry. Co. v. Tyrrell,* 581 U.S. 402, 413 (2017); *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 924 (2011) ("The 'paradigm' forums in which a corporate defendant is 'at home,' we explained, are the corporation's place of incorporation and its principal place of business."). Likewise,

the parties agree that Defendant Romo resides in Boerne, Texas, and is therefore a resident of the Western District of Texas as well. Dkts. 1, at 1; 3, at 3.

28 U.S.C. § 1391 provides that venue is proper "in a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). It does not require that suit be brought in a particular division of the district where Defendants reside. Since all of the Defendants in this case are residents of the Western District, suit may be brought in any division of the District and venue is proper, here, in the Austin Division of the District.[2] The undersigned recommends that ThrIVe Hydration and Romo's motion be denied.

While 28 U.S.C. § 1404(a) allows district courts to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought," the burden to show good cause for transfer rests on the moving party. 28 U.S.C. § 1404(a); *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). Defendants do not move for transfer under 28 U.S.C. § 1404(a). Accordingly, they have not provided any arguments regarding case-specific factors concerning the parties' private interests in convenience and the public's interest in the fair administration of justice to guide the Court's exercise of discretion to transfer this case to another division. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

---

[2] *See Garrett v. Hanson*, 429 F. Supp. 3d 311, 315 (E.D. Tex. 2019) ("For the past thirty years, the federal courts have uniformly held that because § 1391 does not distinguish between the divisions of a judicial district, venue properly lies in any division" of an otherwise-appropriate judicial district.") (internal citations, quotation marks omitted).

## IV.     RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **DENY** ThrIVe Hydration and Romo's Motion to Dismiss, Dkt. 10.

## V.     WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED May 17, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE